```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

ALICIA ROY,                       :
                                  :
     Plaintiff,                   :
                                  :
v.                                :     No. 3:04CV581 (DJS)
                                  :
KOHL'S DEPARTMENT STORES,         :
INC.,                             :
                                  :
     Defendant.                   :
```

## MEMORANDUM OF DECISION

Plaintiff Alicia Roy has brought this action against defendant Kohl's Department Stores, Inc. ("Kohl's") alleging that Kohl's negligence caused her to injure herself while shopping at Kohl's on August 24, 2003. Kohl's denies liability and has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (See Dkt. # 19). For the reasons set forth herein, Kohl's motion is **GRANTED**.

## I. FACTS

On August 24, 2003, while shopping at Kohl's in Trumbull, Connecticut, Roy sustained injuries when, while holding a shopping cart in front of her and riding the descending escalator to the store's lower floor, the shopping cart became lodged in the exit platform at the bottom of the escalator. Roy, who was still moving forward but was prevented from exiting the escalator by the lodged cart, fell over the cart onto the floor and injured her arm and shoulder. Roy decided to bring the cart from the

upper floor to the lower floor in order to retrieve an item that she could not carry to the upper floor checkout counter without assistance.

On August 24, 2003, signs were posted at the entrance to both the ascending and descending escalator entrances stating the following: "FOR YOUR SAFETY Please <u>do not</u> take strollers or carts on the escalator.  Please use the elevator located in the map below."  The signs also contain a picture of a woman pushing a child in a stroller in a circle with a line through the circle, and a map showing the store elevator's location.  The sign was on a free-standing platform, and appears to be at least four feet above the ground.  Roy testified that she did not know if the sign was present on August 24, 2003 and that she did not recall seeing any signs posted, but the store manager states that the sign was present as depicted on that date.

Regarding her thought process prior to boarding the escalator with the shopping cart, Roy testified to the following. The lower floor checkout registers were not open, and there were no shopping carts on the lower floor.  She "didn't pay any attention" to whether there were signs posted warning her that using a shopping cart on the escalator was unsafe.  (Dkt. # 23 Ex. B at 15:13).  Roy knew there was an elevator, but she never considered using the elevator instead of the escalator.  Roy did not seek help from any of Kohl's employees either on the upper or

lower floors; she does not recall whether she saw any Kohl's employees on the lower floor. Roy also stated,

> I have been to the same Kohl's Store approximately ten times or so prior to the incident of August 24, 2003. On practically all of my prior visits to Kohl's, I have observed many other customers frequently go up and down the escalators with shopping carriages without any incident. I have never once observed any employee telling them not to do so or that it was dangerous to do so.

(Dkt. # 24 Ex. A ¶ 4).

## II.  DISCUSSION

Roy claims that Kohl's was negligent in four ways: (1) by failing to have an adequate number of employees on hand on the lower floor to assist customers such as Roy; (2) by failing to enforce any policy, rule, or regulation prohibiting the use of shopping carts on escalators; (3) by failing to warn customers that using shopping carts on escalators was dangerous; and (4) by failing to use shopping carts that would not be able to fit on escalators.  Kohl's denies liability and argues that judgment should enter in its favor on all Roy's claims.

### A.  STANDARD

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if, after

discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" American Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981) (quoting Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975)). A dispute concerning a material fact is genuine "'if evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view all inferences and ambiguities in a light most favorable to the nonmoving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Id.

### B. PREMISES LIABILITY

Roy claims that Kohl's negligence caused her injuries. "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." Morin v. Bell Court Condominium Ass'n,

Inc., 223 Conn. 323, 327 (1992); see generally Rest. (Second) Torts § 343 (1965).  "The possessor of land has no duty to warn an invitee of a dangerous condition when the invitee has actual knowledge of the condition. . . .  The failure to warn an invitee of something he already knows is without legal significance." Warren v. Stancliff, 157 Conn. 216, 220 (1968).

     Kohl's warning is adequate as a matter of law to discharge its duty to warn invitees such as Roy of the dangers of using shopping carts on the escalator.  The sign, as depicted in the photographs submitted to the court, is obvious in that it is placed where it should easily be seen by a customer boarding the escalator on both the upper and lower levels.  Further, it is complete because it expressly discourages the use of carts on the escalator, explains that it does do for safety reasons, and informs the customer of a safe alternative for transporting a cart to the lower level.  It is also undisputed that, although Roy cannot recall, the signs were in place on August 24, 2003. Roy's negligence claim therefore fails as a matter of law.

     Roy's remaining contentions are untenable as a matter of law.  A property owner has a duty to adequately warn invitees of a dangerous condition in order to make the premises safe for use; Roy would add the requirement that, even when the invitee has been adequately warned of a dangerous condition, the owner nevertheless has a duty to actively force invitees to heed the

warning, either by enforcing its policies, hiring staff to discourage the need to perform the dangerous act, or by using equipment that makes the dangerous act impossible.  Kohl's is not required to do these things because they are beyond the scope of a landowner's duty under these circumstances.  See Rest. (Second) Torts § 343 cmt. e (1965) ("An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein.").  By posting a complete and obvious warning about the danger of using a shopping cart on the escalator, and providing a safe alternative means of transporting carts to the lower floor by way of the elevator, Kohl's has made the premises reasonably safe.  Therefore it cannot, as a matter of law, be held liable for Roy's injuries.

### III. CONCLUSION

For the foregoing reasons, Kohl's motion for summary judgment (dkt. # 19) is **GRANTED**.  Judgment shall enter for Kohl's on each count of the complaint.  The Clerk of the Court shall close this file.

So ordered this 7th day of February, 2006.

**/s/DJS**
_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**